I. SIBBERNSEN, APPELLEE, V. EDWARD PETERSON ET AL.,
APPELLEES: FARMERS & MERCHANTS BANK OF
LINDSAY, APPELLANT.

FILED JANUARY 13, 1927. No. 24514.

Judicial Sale of land by undivided halves and distribution of the proceeds in the manner indicated in the opinion, *held* not erroneous.

APPEAL from the district court for Boone county: LOUIS LIGHTNER, JUDGE. *Affirmed.*

*Albert & Wagner,* for appellant.

*Vail & Flory* and *O. M. Needham, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

PER CURIAM.

This action was commenced by I. Sibbernsen, plaintiff, to foreclose a mortgage on a half section of land in Boone county. Edward Peterson and Fred B. Nelson each owned an undivided half interest in the entire tract. The interests of both were incumbered by a first mortgage of $500 in favor of plaintiff and by a second mortgage of $17,500 in favor of the Travelers Insurance Company. The undivided half interest of Peterson was not otherwise incumbered, but the half interest of Nelson was further mortgaged to the Farmers & Merchants Bank of Lindsay for $1,850; to the Farmers State Bank of St. Edward for $6,500; and to the Genoa National Bank for $500; round numbers being thus used. Sibbernsen is the only plaintiff.

The Farmers & Merchants Bank of Lindsay, other mort-gagees, Peterson and Nelson are defendants. A trial resulted in a foreclosure decree which was subsequently modified to direct the sheriff to offer the entire tract for sale and at the same time to offer separately the undivided halves and to accept the bid or bids offering the most for the whole. The return of the sheriff to the order of sale shows these facts: He offered the half section as an entirety and received therefor a bid of $21,000. At the same time he offered Nelson's undivided half and received therefor a bid of $10,300. He also offered at the same time Peterson's undivided half and received therefor a bid of $12,000. For the half interests separately the bids aggregating $22,300, being in excess of the single bid of $21,000 for the whole, were accepted and consequently Nelson's undivided half was sold to Peterson and Peterson's undivided half was also sold to Peterson.

There were objections to the confirmation of the sale on the grounds that the price was inadequate and that a resale under the decree would result in a price of $24,000, which would have been realized at the sale already made except "for confusion and misunderstanding and statements made by the defendant Peterson and the sheriff and others at the sale." These objections were overruled and the sale confirmed.

In distributing the proceeds the district court directed the sheriff to pay the costs and the principal and interest due on the first mortgage of plaintiff and to pay also the second mortgage of the Travelers Insurance Company, both being liens on the entire half section. The method of computation employed below left a remainder of $1,610.72, which the district court awarded to Peterson. The Farmers & Merchants Bank of Lindsay, a mortgagee having a third lien limited to the undivided half interest of Nelson, is the only appellant.

That part of the decree directing a sale of the land in undivided halves is challenged as invalid. Appellant is not entitled to a reversal on this ground. There is no appeal

from the decree of foreclosure or from the modification directing the sheriff how to make the sale. In the district court the notice of appeal is directed alone to the distribution of $1,610.72—proceeds remaining after payment of the liens covering the entire half section. In the supreme court the præcipe states that the appeal is from the confirmation and the distribution. There is nothing in the record to show that the order for the dual offer for bids was void and it is not now reviewable.

It is next argued that the court erred in confirming the sale. In offering the land the sheriff followed the directions of the decree, from which there was no appeal. The showing in favor of the objections was made by appellant in an affidavit of its president to the effect that the sheriff and Peterson chilled bids; that, in the presence of prospective bidders, Peterson stated he would bid $50,000 on his undivided half, if necessary; that appellant was led to believe Peterson would not bid on the land as an entirety or on Nelson's undivided half, but that a bid of $21,000 which appellant made for the whole would be accepted; that the sheriff said the sale in halves and the distribution of the proceeds would be confusing and that he thought the sale would be set aside. The affidavit contains also the statement that appellant relied on what Peterson and the sheriff said and refrained from further bidding. On the showing made, was a resale the only alternative? The district court made the sale through the office of the sheriff. It was no part of the officer's duty to belittle the decree under which he was acting or to declare the law as to the validity of the sale or to anticipate the future rulings of the district court. The decree of foreclosure was not confusing and refuted the showing in that respect. It also directed the sheriff to accept bids for the halves, if higher than the bid for the tract as a whole. The distribution of the proceeds was a judicial question which neither Peterson nor the sheriff was called upon to decide. All this was known to the bidders. Appellant was a party to the action and was bound by the plain terms of the decree

from which no one had appealed. The sheriff in his official acts complied with the decree while making the sale. Bidders had no right to disregard the decree and rely on idle talk of other bidders or of the person acting as sheriff. At the sale appellant was represented by its president. He was free to bid on Nelson's half until the proceeds of the sale would pay his lien. He could hear the bids of Peterson and had a right to protect his own interests by better bids. With the decree contradicting the showing and the parties free to protect their liens, the affidavit does not disclose circumstances under which appellant had a right to rely on the extraneous utterances of the sheriff and Peterson.

Complaint is also made because the district court distributed proceeds of $1,610.72 to Peterson. The point does not seem to be well taken. To apply any part of this sum to appellant's lien would amount to taking proceeds of the sale of Peterson's half to pay the individual debt of Nelson, though the mortgage lien securing the debt of Nelson was limited to his half. Error does not affirmatively appear in the proceedings.

AFFIRMED.